**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

TAMMY G.,

                Plaintiff,

  v.                                            6:21-CV-1184
                                                   (GLS/DJS)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**APPEARANCES:**                                **OF COUNSEL:**

OLINSKY LAW GROUP              HOWARD D. OLINSKY, ESQ.
Attorney for Plaintiff
250 South Clinton Street- Suite 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.     CANDACE LAWRENCE, ESQ.
OFFICE OF REG'L GEN. COUNSEL   VERNON NORWOOD, ESQ.
Attorneys for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART
United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

      Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 9 & 10. For the

1

reasons set forth below, it is recommended that Plaintiff's Motion for Judgment on the Pleadings be denied and Defendant's Motion be granted.

## I. RELEVANT BACKGROUND.

### A. Factual Background

Plaintiff was born in 1965. Dkt. No. 6, Admin. Tr. ("Tr."), pp. 77-78. She completed high school and has past work experience as a nursing aide and housekeeper. Tr. at pp. 79 & 113. Plaintiff alleges disability based upon hypertension, arthritis of the lower back and legs, high cholesterol, and low vision in both eyes with glasses. Tr. at pp. 106-107.

### B. Procedural History

Plaintiff applied for disability and disability insurance benefits in November 2019. Tr. at p. 106. She alleged a disability onset date of May 5, 2019. *Id.* Plaintiff's application was initially denied on February 28, 2020, Tr. at pp. 144-155, and upon reconsideration on July 3, 2020. Tr. at pp. 161-172. Following that denial, she timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 173-174. Plaintiff appeared at a hearing before ALJ Gretchen Greisler on October 15, 2020, at which Plaintiff and a vocational expert ("VE") testified. Tr. at pp. 72-104. On January 11, 2021, the ALJ issued a written decision finding Plaintiff was not disabled. Tr. at pp. 11-26. On August 27, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

## C. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2024. Tr. at p. 14. Second, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. *Id.* Third, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; chronic obstructive pulmonary disease (COPD); depressive disorder; and anxiety disorder. *Id.* Fourth, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at pp. 15-17. The ALJ then found that Plaintiff has the residual functional capacity to perform light work except that she:

> can occasionally stoop, balance, crouch, crawl, kneel, and climb stairs and ramps; she cannot climb ladders, ropes or scaffolds or work at unprotected heights; she cannot tolerate concentrated exposure to respiratory irritants; she requires a brief three to five minute change in position after sitting, standing, and or walking for one hour but retains the ability to remain on task; she can perform simple tasks at a consistent pace but not at a fast production rate pace such as would be experienced in assembly line type of work; she can tolerate frequent interaction with supervisors, coworkers and the public; and she can make simple decisions and tolerate occasional minor changes.

Tr. at p. 17.

Next, the ALJ found that Plaintiff was capable of performing past relevant work as a maid. Tr. at p. 25. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at pp. 25-26.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is

5

> whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff has presented a single claim of error for the Court's review. Dkt. No. 9, Pl.'s Mem. of Law at pp. 8-14. Plaintiff asserts that the ALJ's RFC determination was not supported by substantial evidence because it was the "product of legal error" due to an improper evaluation of a medical opinion from consultative examiner John Miller, Ph.D. Pl.'s Mem. of Law at p. 9. Plaintiff's argument on this point centers primarily on a single, specific limitation opined by Dr. Miller related to her ability to regulate emotions. Pl.'s Mem. of Law at pp. 11-15. In response, Defendant asserts that the ALJ properly rejected this limitation because it was not supported by Dr. Miller's

6

examination and was inconsistent with other record evidence. Dkt. No. 10, Def.'s Mem. of Law at pp. 7-13.

Dr. Miller, a psychologist, performed a consultative examination of Plaintiff in May 2020. Tr. at p. 579-583. As part of that examination, he issued a medical source statement in which he opined that Plaintiff's ability to regulate emotions, control behavior, and maintain well-being was markedly limited. Tr. at p. 582. He found that Plaintiff had no limitation in her ability to maintain personal hygiene and appropriate attire and to be aware of normal hazards and take appropriate precautions. *Id.* He stated that Plaintiff would have moderate limitations in other functional categories. Tr. at p. 582. The ALJ found the majority of Dr. Miller's opinion persuasive, however, she found that the marked limitation related to Plaintiff's ability to regulate emotions, control behavior, and maintain well-being was not supported by the medical evidence in the record and was internally inconsistent with Dr. Miller's own examination findings. Tr. at p. 24.

Plaintiff argues that the ALJ's decision to discount this opined limitation was not supported by substantial evidence. Pl.'s Mem. of Law at pp. 11-14. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Julie B. v. Comm'r of Soc. Sec.*, 578 F. Supp. 3d 345, 349 (N.D.N.Y. 2022) (quoting *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)). "This very deferential standard of review means that 'once an ALJ finds facts, [the Court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'"

*Brothers v. Colvin*, 233 F. Supp. 3d 320, 325 (N.D.N.Y. 2017) (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (additional quotation marks and citation omitted) (emphasis in original)).  This Court is required to "afford the Commissioner's determination considerable deference, and may not substitute 'it's own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review.'"  *Brothers v. Colvin*, 233 F. Supp. 3d at 325 (quoting *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984)).  Moreover, the Court also notes that an ALJ is not required "to adopt, wholesale, every limitation [in a medical opinion] into the RFC determination."  *Rackard v. Saul*, 2020 WL 5250512, at *2 (W.D.N.Y. Sept. 3, 2020) (quoting *McIntosh v. Berryhill*, 2018 WL 4376417, at *24 (S.D.N.Y. July 16, 2018), *report and recommendation adopted*, 2018 WL 4374001 (S.D.N.Y. Sept. 12, 2018)).

It is against this backdrop that the Court reviews ALJ Greisler's determination in this matter.  The ALJ found that Plaintiff's depressive disorder and anxiety disorder were severe, but that the severity of the impairments did not meet or medically equal a listed impairment.  Tr. at pp. 14-15.  ALJ Greisler specifically considered listings 12.04 and 12.06 but found that Plaintiff's mental impairments did not meet the "paragraph B" criteria nor the "paragraph C" criteria.  Tr. at pp. 16-17.  More specifically, the ALJ found that Plaintiff had moderate limitations in all four areas of mental functioning.  Tr. at pp. 15-16.  With respect to Plaintiff's ability to adapt or manage herself, the category

in dispute here, the ALJ found that Plaintiff experienced moderate limitations. Tr. at p. 16. According to the Social Security regulations,

> [t]his area of mental functioning refers to the abilities to regulate emotions, control behavior, and maintain well-being in a work setting. Examples include: Responding to demands; adapting to changes; managing your psychologically based symptoms; distinguishing between acceptable and unacceptable work performance; setting realistic goals; making plans for yourself independently of others; maintaining personal hygiene and attire appropriate to a work setting; and being aware of normal hazards and taking appropriate precautions.

20 C.F.R. § 404, Subpart P, App. 1, 12.00(E)(4).

Plaintiff argues that "the evidence cited by the ALJ does not demonstrate a lack of supportability between Dr. Miller's opinion and this limitation," asserting that the ALJ improperly connected Plaintiff's normal motor behavior with her purported inability to manage her emotions. Pl.'s Mem. of Law at p. 11. The supportability factor "measures whether the medical opinion is supported by objective medical evidence and accompanying explanations." *Darla W. v. Comm'r of Soc. Sec.*, 2021 WL 5903286, at *8 (N.D.N.Y. Dec. 14, 2021). The ALJ here properly looked to Dr. Miller's own examination findings to evaluate the supportability of his opinions and concluded that those findings did not support a marked limitation in Plaintiff's ability to regulate emotions, control behavior, and maintain wellbeing. Tr. at p. 24. ALJ Greisler noted that "Dr. Miller found the [Plaintiff] to be well groomed with normal motor behavior, clear and fluent speech, and coherent thought processes with no evidence of hallucinations, delusions, or paranoia." *Id.* The ALJ also concluded that objective

evidence in the record demonstrated evidence of appropriate grooming and hygiene. Tr. at p. 16 (citing Tr. at pp. 301-310, 340-349, 514-515, 579-583). Plaintiff's well-groomed appearance is relevant to her ability to maintain personal hygiene and attire appropriate to a work setting, which is part of her functional ability to adapt or manage herself. Similarly, the largely normal mental status examination findings such as those identified by the ALJ would also provide evidence against a marked limitation. These largely benign examination findings, when coupled with the other evidence in the record, provide sufficient evidence for the ALJ to determine that a marked limitation in Plaintiff's ability to adapt or manage herself was not supported.

Plaintiff's citation to *Flynn v. Comm'r of Soc. Sec. Admin.*, 729 F. App'x 119 (2d Cir. 2018) does not compel a different result. Pl.'s Mem. of Law at p. 11. First, *Flynn* involved an application of the previous treating physician rule, whereas this case involves an opinion from a consultative examiner. *See Flynn v. Comm'r of Soc. Sec. Admin.*, 729 F. App'x at 120-21. Second, the ALJ in *Flynn* engaged in an impermissible interpretation of medical data to determine that the plaintiff had "mild anxiety" based upon the ALJ's own interpretation of a treating physician's notes. *See id.* at 121. These facts are inapposite to the case at bar, where the ALJ simply found a single limitation opined by a consultative examiner to be less credible.

While Plaintiff apparently disagrees with the outcome of the ALJ's supportability analysis regarding Dr. Miller's opinion, she does not offer any evidence to show that the analysis was legally flawed or that the evidence in support of imposing a greater

restriction was so overwhelming that no reasonable factfinder could have determined otherwise. Instead, Plaintiff merely reiterates her own self-reported symptoms as detailed to Dr. Miller. It is apparent, however, that the ALJ found Plaintiff's self-reports to be less than credible. For example, the ALJ noted that on the same day Plaintiff told Dr. Miller that she experienced trouble sleeping and panic attacks, Plaintiff told her own treating psychiatrist that she was doing well and was happy with her current medication regimen. Tr. at p. 24, citing Tr. at p. 577 (notes from treating provider which state that Plaintiff "reports doing well and claims her panic is better … She is not offering any complaints/concerns at this time. She denies any sadness/depression.").

ALJ Greisler's credibility determination is entitled to substantial deference by this Court on review. *Rivera v. Comm'r of Soc. Sec.*, 368 F. Supp. 3d 626, 645 (S.D.N.Y. 2019). "[C]ourts must show special deference to an ALJ's credibility determinations because the ALJ had the opportunity to observe plaintiff's demeanor while [the plaintiff was] testifying." *Id.* (quoting *Marquez v. Colvin*, 2013 WL 5568718, at *7 (S.D.N.Y. Oct. 9, 2013)). "Thus, a court may not 'second-guess' the ALJ's credibility finding 'where the ALJ identified specific record-based reasons for [her] ruling,' *Stanton v. Astrue*, 370 F. App'x 231, 234 (2d Cir. 2010), and where her determination is supported by substantial evidence." *Id.* (quoting *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013)). The ALJ here has identified specific record-based reasons for finding Plaintiff's self-reports less credible, such as her own conflicting statements on the same day issued

to different providers. This provides sufficient evidence for a reasonable mind to accept the ALJ's conclusions.

Based upon these findings, ALJ Greisler concluded that Plaintiff retained the residual functional capacity to perform light work with additional exertional and nonexertional limitations. Tr. at p. 17. The ALJ included the following limitations related to Plaintiff's mental health impairments: "she can perform simple tasks at a consistent pace but not at a fast production rate pace such as would be experienced in assembly line type of work; she can tolerate frequent interaction with supervisors, coworkers and the public; and she can make simple decisions and tolerate occasional minor changes." Tr. at p. 17. Plaintiff has not provided the Court with any opinions from any other providers which opine greater limitations in this area. In fact, the only other medical opinion in the record which offered an evaluation of Plaintiff's mental health impairments and associated limitations found even less restrictions warranted than both Dr. Miller and ALJ Greisler. Tr. at pp. 124-125. State agency psychiatric consultant K. Lieber-Diaz, Psy.D., opined that Plaintiff would have no limitations in her ability to adapt or manage herself and only mild limitations in all other categories. ALJ Greisler was "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order). "Ultimately it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ." *Lori M. v. Comm'r of Soc. Sec.*, 2020 WL 7382128, at *4 (W.D.N.Y. Dec. 16, 2020) (internal alteration and citation

omitted). Plaintiff has not met that burden here. Accordingly, the Court recommends that the ALJ's decision be affirmed.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **AFFIRMED** and the case **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human*

*Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: November 15, 2022
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge